UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARISSE MOORE,<br><br>      Plaintiff,<br><br>      -against-<br><br>SCENIC PRODUCTIONS; TERRI DUFFIE; INGRID JONES; BRIAN A. TEMPLE, M.D.; RYANNE DUFFIE SAUCIER; GEORGE PHILLIPS HRH; BRENDA CECILIA DURNAS HILL; TARA ROSEANNE DUFFIE; DANIEL SAUCIER,<br><br>      Defendants. | 24-CV-5413 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is proceeding *pro se*, brings this action under the Court's federal question jurisdiction alleging that Defendants violated her rights. By order dated July 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The complaint is dismissed for the following reasons.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff filed this complaint against the following Defendants: (1) Scenic Productions and Terry Duffie, one of its employees, in Alabama; (2) Ingrid Jones, a mental health counselor in Florida; (3) Brian A. Temple, an "infections doctor" in Maryland; (4) Ryanne Duffie Saucier, Vice-President for Legal Affairs at Fox News in New York; (5) George Phillips HRH, a "military strategist" with the "Irish Guard" in the "United Kingdom"; (6) Brenda Cecilia Hill, a Senior Executive at KPMG in New York; (7) Tara Roseanne Duffie, a "psychiatric mental health nurse practitioner" in Tennessee; and (8) Daniel Saucier at "Keller Knapp" in Georgia. (ECF 1 at 4-7.)

The following facts, drawn from the complaint, arise from events allegedly occurring in Atlanta, Georgia; Charlotte, North Carolina; Seattle, Washington; New York, New York; Dublin, Ireland; and London, England. (*Id.* ¶ III.) Plaintiff alleges that she has been subjected to "interstate stalking," human trafficking, and "unauthorized human clinical experiment[s]."[1] (*Id.* ¶ I.A.) Attached to the complaint are: (1) xeroxed copies of photographs that show images that are not discernible; (2) documents discussing various medical conditions; (3) emails that Plaintiff sent to Defendants and other individuals. (*Id.* at 10-36.) In one email to an Officer Meyer in

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Cobb County, Georgia, Plaintiff writes, among other things, about being "potentially stalked" by a "young black man":

> As we walked in opposite directions, when he approached my direction, I crossed into the median grass area and continued to walk my dog. After the individual walked past me, I returned to my original path and smelled weed from the man's walking path. He had a little black video recording device in his hand, he looked in the Bobbie Sharma clothing store with it. As I made the loop around the buildings (beginning at Five Guys to McCray's Tavern to the Alexander Dentist office and back to Elevate West Village), our paths crossed on opposite sides of the street, he said 'Hi', pseudo waved and pointed the black device my direction.

(*Id.* at 17.)

Also attached are random stream-of-consciousness writings. For example:

> Manipulative, learned behavior. This is part of the reason why I thought the picture that Ryanne sent in January was completely off. Ryanne nor Elias would never let me see that kind of typically little boy behavior. Maybe this is why Dan called Elias a little narcissist. WOW – That is so completely wrong. Dear God . . . Now, I do not if that was true or not. Ryanne and Dan sleep in separate rooms and Elias will go into the master bedroom and sleep with Ryanne in the middle of the night. It almost seems like Ryanne has transferred the relationship she should have with Dan to Elias. Elias is five (5) years old. Ryanne was pretty interested in the Michael Jackson documentary and particularly the grooming part of the documentary. I have not seen the documentary so cannot provide a reference example. Ryanne's grandiosity is related to Disney all things Disney and Taylor Swift. She is a 42 year old, intellectual property lawyer and she literally went to Disney for her birthday and had meals with princesses.

(*Id.* at 25.)

Plaintiff seeks $25 million in damages. (*Id.* ¶ IV.)

## DISCUSSION

Even when the Court construes Plaintiff's complaint with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic,"

"delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide plausible factual support for her claims of being stalked, trafficked, and subjected to unauthorized human clinical experiments, they rise to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY AND WARNING

Plaintiff has filed multiple suits with claims similar to those brought in this action and naming the same defendants, and the Court previously warned her that that should she file future actions in this court that are duplicative or frivolous, the Court may enter an order barring her, under 28 U.S.C. § 1651, from filing new actions IFP unless she receives permission to file a new

4

civil action. *Moore v. Georgia*, No. 24-CV-5545 (LTS), 2024 WL 4149959, at *3 (S.D.N.Y. Sept. 11, 2024) (listing cases). That warning remains in effect.

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court warns Plaintiff that should she file future actions in this court that are frivolous or duplicative, the Court may enter an order barring her from filing new actions IFP, unless she receives permission from the court to file the new civil action. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   October 28, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge